The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and 3M COMPANY, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INDIVIDUALS AND ENTITIES DOING BUSINESS AS THE AMAZON SELLING ACCOUNT IDENTIFIED IN SCHEDULE 1; and DOES 1-10,<br><br>Defendants. | No. 2:22-cv-01019-RSL<br><br>Consolidated Cases:<br>*No. 2:22-cv-01020*<br>*No. 2:22-cv-01021*<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE** |

Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), and 3M Company ("3M," and with Amazon, "Plaintiffs") submit this response to the Court's December 5, 2022, Order to Show Cause ("OSC"). This is a consolidated matter consisting of the following cases: No. 2:22-cv-01019-RSL (the "Schedule 2 Action"); No. 2:22-cv-01020-RSL (the "Schedule 1 Action"); and No. 2:22-cv-01021-RSL (the "Schedule 3 Action") (collectively, the "Consolidated Matters"). The Court issued its OSC in the Schedule 2 Action (Dkt. 9); however, the facts and timeline discussed in this response are relevant to each of the Consolidated Matters.

The OSC directed Plaintiffs to show cause why the Schedule 2 Action should not be dismissed for failure to timely serve the defendants pursuant to Federal Rule of Civil Procedure

PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
(No. 2:22-cv-01019-RSL) - 1

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Rule 4(m). Dkt. 9. As set forth below, Plaintiffs believe all the defendants in the Consolidated Matters are located abroad, and Rule 4(m)'s 90-day deadline for service does not apply to service on foreign defendants. Plaintiffs request permission to submit a consolidated status report in 90 days, by which time they expect that they will have (i) completed their investigation of the Defendants responsible for the sixty-one (61) Selling Accounts at issue; (ii) filed and received a ruling on their anticipated Motion for Expedited Discovery; (iii) served and received documents in response to the third-party discovery that is the subject of Plaintiffs' Motion for Expedited Discovery, (iv) filed amended complaints naming defendants based on such discovery, and (v) moved for alternative service.

For their response, Plaintiffs state as follows:

1. On July 22, 2022, Plaintiffs filed complaints (the "Complaints") in each of the Consolidated Matters, alleging that Defendants sold counterfeit 3M products in the Amazon.com store ("Amazon Store") in violation of Amazon's policies and 3M's intellectual property rights. Defendants are the individuals or entities responsible for operating a collective sixty-one selling accounts in the Amazon Store through which they sold counterfeit 3M products ("Selling Accounts"). *See* Dkt. 1 (Schedule 1 Action); Dkt. 1 (Schedule 2 Action); Dkt. 1 (Schedule 3 Action).

2. Both before and since filing the Complaints, Plaintiffs engaged in extensive investigation in an attempt to identify and locate Defendants for purposes of serving process. Specifically, Plaintiffs investigated information Defendants provided to Amazon when registering their sixty-one Selling Accounts, and used both publicly available information and specialized databases to research the names and United States business addresses linked to each such account. These investigations are ongoing; however, to date, Plaintiffs have not identified or located Defendants, and believe that Defendants deliberately misled Amazon as to their identities and locations by registering their Selling Accounts with falsified information. Plaintiffs also believe, based on the IP addresses used to access many of the Selling Accounts, that Defendants are likely located in China.

PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
(No. 2:22-cv-01019-RSL) - 2

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

3. Because Plaintiffs' investigation has not yet uncovered valid addresses at which to serve Defendants, Plaintiffs anticipate they will file a Motion for Expedited Discovery in January 2023. The motion will seek leave of this Court to serve third-party subpoenas on financial institutions and email service providers connected with Defendants' Selling Accounts. These subpoenas will be aimed at uncovering information concerning Defendants' identities and locations.

4. Furthermore, as Defendants appear to be located in a foreign country, the 90-day deadline for service of the Complaints is inapplicable. *See* Fed. R. Civ. P. 4(m); *Davis v. Zhou Liang*, 789 F. App'x 66, 67 (9th Cir. 2019) ("Rule 4(m) states that if a defendant is not served within 90 days of the complaint's filing, a court shall dismiss that action without prejudice unless good cause is shown. However, it also states that this 90-day deadline does not apply to service in a foreign country.").

5. Plaintiffs also anticipate moving for permission to serve Defendants with the anticipated amended complaints via alternative service, namely by registered email through the email addresses Defendants used to communicate and conduct business with their Selling Accounts. *See, e.g.*, *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) ("[W]ithin the Ninth Circuit, … courts have allowed alternative service by electronic communication to defendants located in China.") (collecting cases).[1]

6. Plaintiffs respectfully request 90 days to provide this Court with a further consolidated status update, which Plaintiffs expect will allow them to complete their investigation into Defendants and their sixty-one Selling Accounts, file and receive a ruling on Plaintiffs' anticipated Motion for Expedited Discovery, serve and complete review of third party productions, amend the Complaints to name individuals identified in such productions, and move for alternative service.

---

[1] Alternatively, Plaintiffs may serve Defendants pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). *See* Contracting Parties, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (recognizing China as a signatory to the Hague Convention) (last accessed Sept. 28, 2022).

PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
(No. 2:22-cv-01019-RSL) - 3

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

DATED this 22nd day of December, 2022.

>DAVIS WRIGHT TREMAINE LLP
>*Attorneys for Plaintiffs*
>
>By *s/ Lauren Rainwater*
>Scott R. Commerson, WSBA #58085
>865 South Figueroa Street, Suite 2400
>Los Angeles, CA 90017-2566
>Tel: (213) 633-6800
>Fax: (213) 633-6899
>Email: scottcommerson@dwt.com
>
>Lauren Rainwater, WSBA #43625
>920 Fifth Avenue, Suite 3300
>Seattle, WA 98104-1604
>Tel: (206) 622-3150
>Fax: (206) 757-7700
>Email: laurenrainwater@dwt.com

PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
(No. 2:22-cv-01019-RSL) - 4

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax