UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM INC., *et al.*,

                    Plaintiffs,

        v.

ABEYTUBE, *et al.*,

                    Defendants.

Case No. C22-1019-RSL-MLP

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs Amazon.com Inc., Amazon.com Services LLC, and 3M Company (collectively, "Plaintiffs") *Ex Parte* Motion for Expedited Discovery ("Plaintiffs' Motion"). (Pls.' Mot. (dkt. # 15).) Defendants have not yet appeared in this matter. Having now reviewed Plaintiffs' briefing, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Motion.

## II.    BACKGROUND

On July 22, 2022, Plaintiffs filed the three actions later consolidated under this case number. (Dkt. ## 1, 8.) In their consolidated complaint, Plaintiffs allege claims against entities doing business as 61 different Amazon Seller Accounts ("Defendants") arising from Defendants'

1  alleged advertisement and sale of counterfeit stethoscopes using 3M Company's trademark.

2  (Consol. Compl. (dkt. # 12) at 12, ¶ 33; *id.* at 20-42.) 3M Company alleges claims for trademark

3  infringement and false designation of origin and false advertising against all defendants. (*Id.* at

4  13-16, ¶¶ 39-54.) Amazon alleges claims for false designation of origin and false advertising

5  against all defendants. (*Id.* at 16-17, ¶¶ 55-61.) Plaintiffs together allege claims for violation of

6  the Washington Consumer Protection Act. (*Id.* at 17, ¶¶ 62-66.)

7       In unsuccessful efforts to determine Defendants' identities, Plaintiffs have utilized

8  "private outside investigators and external sources of information"; "information Defendants

9  provided to Amazon when creating their Amazon selling accounts"; and public records.

10  (Commerson Decl. (dkt. # 16) at ¶ 4.) Plaintiffs have, however, determined that Defendants

11  responsible for 44 Amazon Seller Accounts "registered virtual bank accounts with the payment

12  service provider Payoneer Inc.," Defendants responsible for four Amazon Seller Accounts

13  "registered bank accounts with Citibank," and Defendants responsible for 13 Amazon Seller

14  Accounts "registered bank accounts with Wells Fargo, N.A.," all of which accounts were "used

15  to transfer funds to and from" Defendants' Amazon Seller Accounts. (Haskel Decl. (dkt. # 17) at

16  ¶¶ 12-14.) In addition, Defendants responsible for 20 Amazon Seller Accounts provided Amazon

17  with email addresses operated by Microsoft Corporation, Yahoo Inc., or Verizon Media – Oath.

18  (*Id.* at ¶¶ 15-18; Commerson Decl. at ¶¶ 9.)

19       Based on these findings, Plaintiffs move for leave to serve third-party subpoenas under

20  Federal Rule of Civil Procedure 45, prior to the Rule 26(f) conference, on Payoneer Inc.,

21  Citigroup Inc., Wells Fargo Bank, N.A., Microsoft Corporation, Yahoo Inc., and Verizon Media

22  – Oath, in order to "uncover the true identities and locations of Defendants and other bad actors

23  involved in their counterfeiting scheme." (Pls.' Mot. at 6.)

### III.   DISCUSSION

#### A.   Legal Standard

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the focus of the inquiry into good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

#### B.   Good Cause for Expedited Discovery

The Court notes that Defendants appear to have actively misled the Amazon Plaintiffs as to their identities. The Court finds that Defendants should not be afforded the benefit of anonymity in furtherance of their alleged counterfeiting scheme. Plaintiffs have shown diligence in utilizing available means to investigate Defendants' identities and locations.

Having considered the balance of factors, the Court concludes that Plaintiffs' intent in seeking expedited discovery justifies their request. Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served. *See, e.g.*, *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1-2 (W.D. Wash. July 18, 2014) (granting expedited discovery from Twitter, Inc. sufficient to identify Doe defendants); *Digital Sin, Inc. v. Does 1–5698*, 2011 WL 5362068, at *1-2 (N.D. Cal. 2011) (allowing early discovery from internet service providers to identify Doe defendants); *see also Cottrell v. Unknown Correctional Officers, 1-10*, 230 F.3d 1366, *1 (9th Cir. 2000) (explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint."). "Where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (cleaned up) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, Plaintiffs seek expedited discovery to ascertain sufficient identifying information about Defendants to effect service. Good cause exists where a plaintiff has exhausted its means to identify the defendant through publicly available information and has no other way to identify the bad actors involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also*

1  *Semitool*, 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will

2  "substantially contribute to moving this case forward"). Having reviewed Plaintiffs' declarations,

3  it appears they have exhausted available means to trace specific names and addresses to the

4  various Amazon Selling Accounts. (*See* Commerson Decl. at ¶¶ 4-5; Haskel Decl. at ¶¶ 8-11.)

5  Consequently, Plaintiffs have demonstrated that without expedited discovery, they will not be

6  able to identify the individuals behind the accounts.

7        Furthermore, the Court finds good cause for expedited discovery given Plaintiffs' claims

8  that irreparable harm will result through Defendants' continued use of their trademarks, unfair

9  competition, and false advertising (Consol. Compl. at ¶¶ 45, 53, 60.) *See Music Grp. Macao*,

10  2014 WL 11010724 at *2 (finding good cause where plaintiffs alleged irreparable harm through

11  infringement and unfair competition); *see also Qwest Comm. Int'l, Inc. v. WorldQuest Networks,*

12  *Inc.*, 213 F.R.D. 418, 419 (D. Co. 2003) ("The good cause standard may be satisfied . . . where

13  the moving party has asserted claims of infringement and unfair competition."). For these

14  reasons, Plaintiffs' intent in seeking expedited discovery supports a finding of good cause.

15        Finally, the Court finds minimal prejudice to Defendants if Plaintiffs are granted leave to

16  conduct expedited discovery. Plaintiffs' discovery request is narrowly tailored to seek

17  information only from those bank and email accounts associated with the Amazon Selling

18  Accounts for the purpose of identifying the individuals connected to those accounts. (*See* Pls.'

19  Mot. at 11.) Furthermore, Plaintiffs have requested discovery directed at non-parties—not the

20  Defendants—which courts recognize as "not imposing a significant burden upon defendants."

21  *Yong*, 2021 WL 1237863 at *3.

22                    **IV.    CONCLUSION**

23        For the foregoing reasons, the Court ORDERS:

(1)    Plaintiffs' Motion (dkt. # 15) is GRANTED. Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on the following companies for the purpose of obtaining information that may identify Defendants:

        (a)    Payoneer Inc.

        (b)    Citigroup Inc.

        (c)    Wells Fargo Bank, N.A

        (d)    Microsoft Corporation

        (e)    Yahoo Inc.

        (f)    Verizon Media – Oath

(2)    Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant thereto.

Dated this 14th day of March, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6