UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC., *et al.*,<br><br>                    Plaintiffs,<br><br>    v.<br><br>ABEYTUBE, *et al.*,<br><br>                    Defendants. | Case No. C22-1019-RSL-MLP<br><br>ORDER |

## I. INTRODUCTION

This matter is before the Court on Plaintiffs Amazon.com Inc., Amazon.com Services LLC, and 3M Company's (collectively, "Plaintiffs") *Ex Parte* Motion to Extend Deadlines ("Extension Motion" (dkt. # 22)) and *Ex Parte* Supplemental Motion for Expedited Discovery ("Discovery Motion" (dkt. # 24)). Plaintiffs have not yet served any defendants. Having considered Plaintiffs' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Extension Motion (dkt. # 22) and Plaintiffs' Discovery Motion (dkt. # 24).

## II. BACKGROUND

On July 22, 2022, Plaintiffs filed the three actions later consolidated under this case number. (Dkt. ## 1, 8.) In their consolidated complaint, Plaintiffs allege that entities doing

ORDER - 1

business as 61 different Amazon Seller Accounts advertised and sold counterfeit stethoscopes using 3M Company's trademark. (Consol. Compl. (dkt. # 12) at 12, ¶ 33; *id.* at 20-42.)

On March 31, 2023, this Court granted Plaintiffs' request for an additional 120 days to file an amended complaint and serve all defendants or move for alternate service. (Dkt. # 21.) Plaintiffs now seek an additional 90 days. (Ext. Mot. at 1.)

By means of third-party discovery on Payoneer Inc., Plaintiffs have identified five individuals responsible for operating 44 of the 61 Amazon Seller Accounts. (Rainwater Decl. (dkt. # 23) at ¶ 3.) With regard to the remaining Amazon Seller Accounts, Plaintiffs learned through research and third-party discovery on Wells Fargo Bank, N.A. ("Wells Fargo") that "Wells Fargo was acting as an automated clearinghouse for PingPong Global Solutions, Inc. ("PingPong"), and that PingPong is the entity with information about relevant accounts and accountholders." (*Id.* at ¶ 4.) Plaintiffs' research likewise indicates that the information they had sought from Citigroup Inc. ("Citigroup") would instead be available from PingPong. (*Id.* at ¶ 4.)

Based on this information, Plaintiffs move for leave to serve third-party subpoenas under Federal Rule of Civil Procedure ("Rule") 45, prior to the Rule 26(f) conference, on PingPong to identify additional responsible individuals. (Disc. Mot. at 3; Rainwater Decl. at ¶ 4.)

### III. DISCUSSION

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v.*

ORDER - 2

*Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the focus of the inquiry into good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The Court has already found good cause to permit expedited discovery in this case to identify accountholders responsible for the Amazon Seller Accounts, some of which has successfully identified relevant individuals. (Dkt. # 19; Rainwater Decl. at ¶ 3.) It now appears that discovery served on Wells Fargo and Citigroup is better directed to PingPong. Accordingly, the Court finds good cause to grant Plaintiffs leave to serve a supplemental expedited subpoena on PingPong.

The Court recognizes that additional time will be needed to engage in this newly authorized third-party discovery. Accordingly, the Court grants Plaintiffs an additional 90 days to file an amended complaint and either serve all defendants or move for alternative service.

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Extension Motion (dkt. # 22) and Plaintiffs' Discovery Motion (dkt. # 24). Accordingly, the Court DIRECTS Plaintiffs to, within **ninety (90) days** of the date this Order is signed, file an amended complaint and either

ORDER - 3

serve all defendants or move for alternative service. If Plaintiffs are unable to do so, the Court ORDERS Plaintiffs to show cause why this case should not be dismissed for failure to prosecute.

Dated this 23rd day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4