1
2

The Honorable Robert S. Lasnik
The Honorable Michelle L. Peterson

3
4
5
6

7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  AMAZON.COM, INC., a Delaware
    corporation; AMAZON.COM SERVICES LLC,
11  a Delaware limited liability company; and 3M
    COMPANY, a Delaware corporation,
12
13                          Plaintiffs,
14       v.
15  BIBO FANG, an individual; FENG XIA
    FANG, an individual; JUN WEI LIANG, an
    individual; JUN YI LIANG, an individual,
16  XIAO LIANG, an individual; ZHI CHENG
    LIANG, an individual; and DOES 1-10,
17
18                          Defendants.

No. 2:22-cv-01019-RSL-MLP

*Consolidated Cases:*
No. 2:22-cv-01020-RSL
No. 2:22-cv-01021-RSL

**PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE**

WITHOUT ORAL ARGUMENT

NOTE ON MOTION CALENDAR:
NOVEMBER 21, 2023

19         **I.     INTRODUCTION AND RELIEF REQUESTED**

20         Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), and 3M

21  Company ("3M", and with Amazon, "Plaintiffs") respectfully move the Court for an order

22  authorizing Plaintiffs to complete service of process by email on Defendants Bibo Fang

23  ("Defendant B. Fang"), Feng Xia Fang ("Defendant F. Fang"), Jun Wei Liang ("Defendant J.W.

24  Liang"), Jun Yi Liang ("Defendant J.Y. Liang"), Xiao Liang ("Defendant X. Liang"), and

25  Defendant Zhi Cheng Liang ("Defendant Z. Liang") (collectively, "Defendants") because

26  Plaintiffs' investigation confirms that Defendants reside at unknown addresses overseas, likely in

27  China; Plaintiffs have been unable to serve Defendants by conventional means; and email service

PLAINTIFFS' *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE - 1
(2:22-cv-01019-RSL-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

is the most likely means to provide actual notice of this lawsuit to Defendants because Defendants registered certain email addresses with Amazon that have been used as the primary means of communication from Amazon to Defendants, or registered certain email addresses with virtual payment service providers that they used to funnel proceeds from their selling accounts. Plaintiffs sent test emails to these email addresses, which confirmed that they remain functional (i.e., did not result in error notices or bounce back messages).

## II.  BACKGROUND

### A.  Defendants' Selling Accounts

Plaintiffs initiated this consolidated action on July 22, 2022, by filing Complaints alleging claims for trademark infringement, false designation of origin, and false advertising under the Lanham Act; violations of the Washington Consumer Protection Act; and breach of contract, arising from Defendants' unlawful sale of counterfeit 3M products in the Amazon.com store (the "Amazon Store") in violation of Amazon's policies and 3M's intellectual property rights. *See* Complaint, Dkt. 1.[1]

Defendants sold their counterfeit 3M products through sixty-one different Amazon selling accounts (the "Selling Accounts").[2] Declaration of Elaine Haskel ("Haskel Decl.") ¶ 4. Defendants registered certain email addresses in order to create their Selling Accounts, access

---

[1] This consolidated matter originally consisted of three individual cases: the Schedule 1 Action (2:22-cv-01020-RSL), Schedule 2 Action (2:22-cv-01019-RSL) (the "Lead Action"), and Schedule 3 Action (2:22-cv-01021-RSL). On August 28, 2022, this Court issued an order consolidating those cases. Dkt. 8 (Lead Action). On December 27, 2022, this Court issued an order directing Plaintiffs to file a Consolidated Complaint in the Schedule 2 case. Dkt. 11 (Lead Action). Plaintiffs did so on January 10, 2023. Dkt 12 (Lead Action). All citations to the record herein refer to the Lead Action.

[2] The Selling Accounts are (1) Abeytube; (2) Aivaeso Redicol; (3) Alvinste Store; (4) Annette A. Smith LLC; (5) Anthons Store; (6) Barry Company; (7) Billy Business; (8) Brownartic Store; (9) Ceeoty Atoxe; (10) Chester Supply; (11) chris skamp; (12) Clara Wholesale; (13) David Factory; (14) Dean Tech; (15) Easrscope Store; (16) ECEITRESOD; (17) EEG Ventures LLC; (18) Elivera Counly; (19) Greg Trade; (20) Gretna Mart LLC; (21) Heaitman Store; (22) HittmedicalLLC; (23) Hsiguans LLC; (24) Hubert Moss; (25) Jeffrey Crof; (26) John Centers; (27) Kebetty Store; (28) Keith Supplies; (29) Kingery Store; (30) KPTOA US; (31) Lopains Veen; (32) Luvoice; (33) Lvetown; (34) Maitler Store; (35) Mardiou Store; (36) Meceiall Store; (37) Moacrdx Store; (38) Mooky Store; (39) ONZO Shop; (40) Osagele US; (41) Paksa Store; (42) PingPing LLC; (43) Qcrowe US; (44) Rahul Ebert; (45) Rimas Store; (46) Roger Store; (47) Scott Center; (48) Sherry Online; (49) Slack's Shop; (50) Soeucelo Store; (51) Souteo Store; (52) SrencpeosStore; (53) Sunica Store; (54) Tammly Store; (55) Tanyaer Store; (56) Tedabe Store; (57) Vincent Health; (58) Vinecre Onse; (59) Welpance LLC; (60) Willie Holland; (61) Yoceiky Store.

PLAINTIFFS' *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE - 2
(2:22-cv-01019-RSL-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Amazon Seller Central,[3] and conduct business through their Selling Accounts. *Id.* ¶ 5. These email addresses are also the primary means of communication from Amazon to Defendants. *Id.* Plaintiffs recently emailed Defendants at their designated email addresses, and Plaintiffs confirmed that the email address registered by each Defendant remains functional (i.e., Plaintiffs received no error notice or bounce back messages for those emails). Declaration of Lauren Rainwater ("Rainwater Decl.") ¶ 11. Accordingly, Plaintiffs believe Defendants' email addresses remain functional.

Amazon offers third-party sellers and brand owners the ability to sell products in the Amazon Store by registering Amazon selling accounts. Haskel Decl. ¶ 3. Amazon continues to innovate to stay ahead of bad actors, and requires new and existing selling partners to verify their identity and documentation. *Id.* Amazon investigators review the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a fully legible copy of the document, verifying that the document matches the information the seller provided to Amazon with respect to their identity, and analyzing whether the document shows any signs of alteration, tampering, or fabrication. *Id.* These measures have made it more difficult for bad actors to hide. *Id.* Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based detection, are deterring bad actors from even attempting to create new Amazon selling accounts. *Id.* The number of bad actor attempts to create new selling accounts decreased from 6 million attempts in 2020, to 2.5 million attempts in 2021, to 800,000 attempts in 2022. *Id.* Despite these efforts, a small number of bad actors attempt to circumvent Amazon's systems by submitting fraudulent and deliberately false information to Amazon, as Defendants did here. *Id*.

### B.   Plaintiffs' Investigation into Defendants

Plaintiffs conducted substantial investigations into the Selling Accounts through which Defendants sought to advertise, market, sell, and distribute their infringing products. Rainwater

---

[3] "Seller Central" is the online portal that sellers use to access their selling accounts, list products for sale, manage sales and inventory, track payments and returns, and manage advertising programs, among other things.

PLAINTIFFS' *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE - 3
(2:22-cv-01019-RSL-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Decl. ¶ 2. Namely, Plaintiffs enlisted a private investigator who used both public records and specialized tools to research the contact information Defendants provided to Amazon when registering their Selling Accounts. *Id*. This investigation revealed that Defendants sought to evade Amazon's seller verification processes by providing Amazon with misleading or fraudulent documents and/or information in connection with their Selling Accounts. *Id*.; Dkt. 15 at 5-6.

        C.        **Plaintiffs Uncover Defendants' True Identities Through Expedited Discovery and File Amended Complaint**

In a further effort to identify and locate Defendants, Plaintiffs filed a motion for expedited discovery on March 1, 2023, seeking leave to serve subpoenas on email service providers—Microsoft Corporation ("Microsoft") and Yahoo Inc. ("Yahoo")—and financial institutions—Payoneer, Inc ("Payoneer"), Citigroup Inc. ("Citibank"), Wells Fargo Bank, N.A. ("Wells Fargo")—all of which were linked to Defendants' Selling Accounts. Dkt. 15. The Court granted that motion on March 14, 2023, and Plaintiffs served the subject subpoenas. Dkt. 19; Rainwater Decl. ¶ 3. Plaintiffs subsequently filed a supplemental motion for expedited discovery, after the initial subpoenas to Citibank and Wells Fargo revealed that both Wells Fargo and Citibank were operating as automated clearinghouses for PingPong, and that PingPong was the entity in possession of the information Plaintiffs sought. Dkt. 24. The Court granted that motion on August 23, 2023, and Plaintiffs served the subpoena on PingPong. Dkt. 25; Rainwater Decl. ¶ 3.

Plaintiffs' subpoena to Yahoo sought discovery related to email addresses Defendants used to create several of their Selling Accounts, access Amazon Seller Central, and conduct business through their Selling Accounts. Rainwater Decl. ¶ 4. Yahoo's production contained limited information and did not include physical addresses Plaintiffs might use for purposes of effecting service on Defendants. *Id*.

Plaintiffs' subpoena to Microsoft likewise sought discovery related to email addresses Defendants used to create several of their Selling Accounts, access Amazon Seller Central, and

PLAINTIFFS' *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE - 4
(2:22-cv-01019-RSL-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

conduct business through their Selling Accounts. *Id*. ¶ 5. Microsoft's production also contained limited information and did not include physical addresses Plaintiffs might use for purposes of effecting service on Defendants. *Id*.

Plaintiffs' subpoena to Payoneer sought discovery related to virtual bank accounts that certain Defendants provided to Amazon when registering their Selling Accounts in order to receive and transfer proceeds from their sale of products in the Amazon Store. *Id*. ¶ 6. That production revealed that Defendants provided false identifying information when registering the Selling Accounts and that Defendants B. Fang, F. Fang, J.W. Liang, J.Y. Liang, and Z. Liang controlled the relevant Selling Accounts.[4] *Id*.

Plaintiffs' subpoena to PingPong sought discovery related to virtual bank accounts that certain Defendants provided to Amazon when registering their Selling Accounts in order to receive and transfer proceeds from their sale of products in the Amazon Store. *Id*. ¶ 7. That production revealed that Defendants provided false identifying information when registering the Selling Accounts and that Defendants J.W. Liang and X. Liang controlled the relevant Selling Accounts.[5] *Id*. The production also disclosed the email addresses that each Defendant registered with PingPong when they opened their virtual bank accounts. *Id*.

---

[4] The Selling Accounts linked to Defendants' Payoneer accounts are as follows: **Defendant B. Fang** registered a Payoneer account linked to the (56) Tedabe Store Selling Account. **Defendant F. Fang** registered a Payoneer account linked to the (4) Annette A. Smith LLC; (10) Chester Supply; (14) Dean Tech; (17) EEG Ventures LLC; (19) Greg Trade; (20) Gretna Mart LLC; (23) Hsiguans LLC; (40) Osagele US; (43) Qcrowe LLC; and (48) Sherry Online Selling Accounts. **Defendant J.W. Liang** registered a Payoneer account linked to the (21) Heaitman Store; (42) PingPing LLC; (44) Rahul Ebert LLC; (55) Tanyaer Store; and (56) Tedabe Store Selling Accounts. **Defendant J.Y. Liang** registered a Payoneer account linked to the (2) Aivaeso Redicol; (3) Alvinste Store; (5) Anthons Store; (6) Barry Company; (7) Billy Business; (9) Ceeoty Atoxe; (12) Clara Wholesale; (15) Easrscope Store; (18) Elivera Counly; (24) Hubert Moss; (25) Jeffrey Crof; (27) Kebetty Store; (29) Kingery Store; (31) Lopains Veen; (33) Lvetown; (35) Mardiou US; (36) Meceiall Store; (41) Paksa Store; (57) Vincent Health; (58) Vinecre Onse; (59) Welpance LLC; and (60) Willie Holland Selling Accounts. **Defendant Z. Liang** registered a Payoneer account linked to the (13) David Factory; (38) Mooky Store; (45) Rimas Store; (46) Roger Store; (53) Sunica Store; (54) Tammly Store; and (61) Yoceiky Store Selling Accounts. *Id*.

[5] Defendant **J.W. Liang** registered a PingPong account linked to the (1) Abeytube; (8) Brownartic Store; (13) David Factory; (16) ECEITRESOD; (22) Hittmedical LLC; (26) John Centers; (28) Keith Supplies; (30) KPTOAUS; (32) Luvoice; (34) Maitler Store; (37) Moacrdx Store; (39) ONZO Shop; (47) Scott Center; (49) Slack's Shop; (50) Soeucelo Store; (51) Souteo Store; and (52) Srencpeos Store Selling Accounts. *Id*. Defendant **X. Liang** registered a PingPong account linked to the (11) chris skamp Selling Account. *Id*.

PLAINTIFFS' *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE - 5
(2:22-cv-01019-RSL-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Based on their control over the financial accounts that were registered to receive disbursements from counterfeit sales made by the Selling Accounts, it is reasonable to infer that Defendants control those Selling Accounts' activities. On November 16, 2023, Plaintiffs filed a First Amended Complaint naming these Defendants.

The production from Payoneer further indicated through location data associated with their Payoneer accounts that Defendants B. Fang, F. Fang, J.W. Liang, J.Y. Liang, and Z. Liang are located in China. *Id.* ¶ 8.

The productions from Payoneer and PingPong also disclosed potential physical addresses for Defendants in China, which Plaintiffs provided to their investigators. *Id.* ¶ 9. However, Plaintiffs' investigators were not able to confirm that Defendants lived at the addresses associated with their Payoneer or PingPong accounts, nor that those addresses were related to counterfeiting activity. *Id.*

### D.  Request for Alternative Service

Plaintiffs' extensive investigative and discovery efforts identified multiple Defendants by name, and narrowed their locations to China; however, Plaintiffs have not located valid physical addresses for service associated with any Defendant. Rainwater Decl. ¶ 10.

Amazon's records reflect that Defendants provided email addresses to Amazon in order to create their Selling Accounts, access Seller Central, and do business in the Amazon Store. Haskel Decl. ¶¶ 4-5. The PingPong production also disclosed the email addresses used by certain Defendants to create and login to their respective payment service provider accounts. Rainwater Decl. ¶ 7. In order to confirm that those email accounts remain functional, Plaintiffs emailed Defendants at the email addresses they registered with Amazon or a payment service provider on November 16 and 20, 2023. *Id.* ¶ 11. Plaintiffs did not receive any error notices or bounce back messages in response to the emails sent to at least one email address registered by each

PLAINTIFFS' *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE - 6
(2:22-cv-01019-RSL-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Defendant.[6] *Id*. Plaintiffs thus have confirmed that those email accounts remain active and now seek to serve Defendants through those email accounts. *Id*.

### III.     ARGUMENT

**A.     Service of Process by Email Comports with Federal and International Law**

Proper service requires satisfying both Fed. R. Civ. P. 4 and constitutional notions of due process. *See generally Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). To eliminate unnecessary technicalities and cost, Rule 4 provides several options for effectuating service in foreign countries and expressly grants courts broad discretion to authorize service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *see also Rio Props.*, 284 F.3d at 1015 ("[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) . . . [S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'"). Due process requires only that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (collecting cases).

Here, Plaintiffs believe Defendants reside in China, which, like the United States, is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). *See* Rainwater Decl. ¶¶ 2, 7-9.[7] Courts in this District and numerous others in the Ninth Circuit have held that Federal Rule of Civil Procedure 4(f)(3) and the Hague Convention both allow for service via email on Chinese defendants. *See, e.g., Amazon.com, Inc. v. Dafang Haojiafu Hotpot Store*, 2021 WL 4307067 (W.D. Wash. Sept. 22, 2021) (granting plaintiffs' motion for alternative service via email on defendants believed to reside in China) (J. Martinez); *Amazon.com Inc. v. Sirowl Tech.*, 2020 WL 7122846, at *3 (W.D.

---

[6] While Plaintiffs received an error notice in response to the test email sent to the email address X. Liang used to register his Selling Account, Plaintiffs received no error notices, bounce back messages, or other indications that the test email failed to deliver to the email address that X. Liang used to register his PingPong financial account.

[7] China is signatories to the Hague Convention. *See* Contracting Parties, Hague Conference on Private International Law, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited November 6, 2023).

PLAINTIFFS' *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE - 7
(2:22-cv-01019-RSL-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Wash. Dec. 4, 2020) (same) (J. Martinez); *Amazon Techs., Inc. et al. v. Li Qiang, et al.*, 2023 WL 7128618, at *2 (W.D. Wash. Oct. 30, 2023 (same) (M.J. Vaughan); *Amazon.com Inc., et al. v. Pengyu Bldg. Materials, et al.*, 2023 WL 4131609, at *2 (W.D. Wash. June 22, 2023) (same) (M.J. Vaughan); *Amazon.com Inc., et al. v. Chen, et al.*, 2023 WL 7017077, at *2 (W.D. Wash. October 25, 2023) (same) (M.J. Vaughan).

Courts in the Ninth Circuit also recognize that where, as here, defendants have made email their preferred means of contact, service by email not only comports with due process requirements, it is actually the preferred method of reaching the defendant. *See, e.g.*, *Rio Props.*, 284 F.3d at 1116–18; *Sirowl Tech.*, 2020 WL 7122846, at *3 ("[P]laintiffs have demonstrated an inability to obtain a valid physical address for defendants and that defendants conduct business through the internet, so that service by email will provide defendants with sufficient notice and an opportunity to respond."); *Dafang HaoJiafu Hotpot Store*, 2021 WL 4307067, at *1 ("Plaintiffs have shown that Defendants conduct business through the Internet such that 'service by email will provide defendants with sufficient notice and an opportunity to respond.'" (quoting *Sirowl Tech.*, 2020 WL 7122846, at *3)); *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) ("Because email has been zealously embraced within the business community, email service is proper when a company has structured its business such that it could only be contacted via its email address, and email is the method of communication the company utilizes and prefers."), report and recommendation adopted, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

Finally, courts in the Ninth Circuit have routinely granted requests to serve defendants via email where, as here, plaintiffs first sent "test" emails to relevant email addresses in order to ensure that those addresses are valid and thus able to provide defendants with actual notice. Where test emails are not returned as undeliverable, these courts deemed defendants' email addresses proper methods for service. *TV Ears, Inc. v. Joyshia Dev. Ltd.*, 2021 WL 165013, at *3 (S.D. Cal. Jan. 19, 2021) (granting leave for service via email where test emails to defendants "did not bounce back nor [were] returned as being 'undeliverable.'"); *Dyslexia*, 2017 WL

PLAINTIFFS' *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE - 8
(2:22-cv-01019-RSL-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

10398818, at *7 ("Plaintiffs served Defendants [by email] and filed proofs of service. These emails did not bounce back. Service was therefore proper.").

### B. Service on Defendants' Email Addresses Is Reasonably Calculated to Provide Actual Notice

In this case, Defendants registered certain email addresses in order to create their Selling Accounts, access Amazon's Seller Central, and conduct business through their Selling Accounts. Haskel Decl. ¶¶ 4-5. Defendants also registered certain email addresses in connection with their financial accounts. Rainwater Decl. ¶ 7. Plaintiffs now seek to serve Defendants at certain of those email addresses. Plaintiffs believe that these email addresses are active because) Plaintiffs recently sent "test" emails to each of the Defendants' email addresses, and have confirmed that at least one of the email addresses for each Defendant remains functional (Rainwater Decl. ¶ 11).

Based on the foregoing, and under the authority presented above, service on Defendants through certain email addresses registered with their Selling Accounts and used by Amazon to communicate with Defendants or, alternatively, registered with their PingPong financial account, is reasonably calculated to provide these Defendants with actual notice. *See Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (email service comported with due process because defendants were "involved in commercial internet activities" and "rel[ied] on electronic communications to operate their businesses," and plaintiff had valid email addresses for defendants); *see also Amazon.com, Inc., et al. v. Zhenyong Dong, et al.*, No. 2:21-cv-00159, Dkts. 48 & 49 (W.D. Wash. Aug. 29, 2023) (motion seeking leave to serve defendants via email addresses registered in connection with defendants' virtual bank accounts and order granting same). Plaintiffs respectfully request that the Court authorize service of the Summons and Amended Complaint (as well as this motion and pleadings in support) on Defendants Bibo Fang, Feng Xia Fang, Jun Wei Liang, Jun Yi Liang, Xiao Liang, and Defendant Zhi Cheng Liang through the email addresses they registered with Amazon, in order to create and do business through the Selling Accounts under their respective control, or with the payment service provider in order to open the virtual bank account linked to their Selling Accounts. *See* Haskel

PLAINTIFFS' *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE - 9
(2:22-cv-01019-RSL-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Decl. ¶ 4; Rainwater Decl. ¶ 12; Proposed Order.

Plaintiffs will use an online service, RPost (www.rpost.com), that provides proof of authorship, content, delivery, and receipt. Rainwater Decl. ¶ 12. Following the Court's approval, Plaintiffs will provide the Court with confirmation of completed service by email.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court authorize Plaintiffs to serve Defendants by registered email through certain email addresses associated with their Selling Accounts, or their PingPong account.

DATED this 21st day of November, 2023.

*I certify that this memorandum contains 3,234 words, in compliance with the Court's Order permitting an over-length brief. See Dkt. 29.*

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*s/ Scott R. Commerson*
Scott R. Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

*s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625
920 Fifth Avenue, Suite 3300
Seattle WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: laurenrainwater@dwt.com

PLAINTIFFS' *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE - 10
(2:22-cv-01019-RSL-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax