UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM INC., *et al.*,

        Plaintiffs,

    v.

ABEYTUBE, *et al.*,

        Defendants.

Case No. C22-1019-RSL-MLP

ORDER

This matter is before the Court on Plaintiffs Amazon.com Inc., Amazon.com Services, (together, "Amazon") and 3M Company's ("3M"; collectively, "Plaintiffs") *Ex Parte* Motion for Alternative Service ("Plaintiffs' Motion"). (Pls.' Mot. (dkt. # 30).) Having considered Plaintiffs' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Motion (dkt. # 30).

**I.     BACKGROUND**

Plaintiffs have filed an amended complaint alleging Bibo Fang, Feng Xia Fang, Jun Wei Liang, Jun Yi Liang, Xiao Liang, Zhi Cheng Liang (collectively, "Defendants"), and "Does 1-10" acted in concert to sell counterfeit 3M-branded products through 61 different Amazon Selling Accounts. (Am. Compl. (dkt. # 26) at ¶¶ 5, 9-16; *see id.* at 23-52 ("Schedule 1").)

ORDER - 1

1  Plaintiffs' investigation, including a private investigator's use of public records and specialized

2  tools as well as third-party discovery authorized by this Court, indicates all Defendants "are

3  likely located in China." (Rainwater Decl. (dkt. # 31) at ¶ 2; *see also id.* at ¶ 8 (records for five of

4  the six Defendants show they accessed online bank accounts most often from IP addresses in

5  China).)

6  Plaintiffs seek authorization for alternative service because they have not been able to

7  identify Defendants' exact locations within China. (*See* Rainwater Decl. at ¶ 10.) Plaintiffs

8  propose to serve one Defendant, Xiao Liang, via the email address used to access the online bank

9  account that received payment from one of the Amazon Selling Accounts. (*See id.* at ¶ 7.)

10 Plaintiffs propose to serve the remaining Defendants via the email addresses they registered with

11 their Amazon Selling Accounts. (*See id.* at ¶ 12; *see* Haskel Decl. (dkt. # 32) at ¶¶ 4-5.) Plaintiffs

12 have sent test emails to all addresses at which they propose to serve Defendants and have not

13 received error notices, bounce back messages, or other indications that the test emails failed to

14 deliver.[1] (Rainwater Decl. at ¶¶ 11-12.)

15                       II.     DISCUSSION

16 Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign

17 countries by: (1) internationally agreed methods such as those authorized by the Hague

18 Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

19 Commercial Matters ("Hague Convention"); (2) if there is no internationally agreed means, in

20 accordance with the foreign country's law; or (3) by "other means not prohibited by international

21 agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). To obtain a court order under Rule

22 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the present case

23

---

[1] A test email sent to the email address Xiao Liang registered with their Amazon Selling Account generated an error notice, however. (Rainwater Decl. at ¶ 11.)

ORDER - 2

necessitated the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

In addition to the requirements of Rule 4(f), "a method of service of process must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

A.  Rule 4(f)

Plaintiffs request Court intervention because they "have not located valid physical addresses for service" despite extensive investigation. (Pls.' Mot. at 6.) The Court concludes that Plaintiffs have adequately shown that the Court's intervention is necessary. Despite "a thorough investigation through multiple avenues[,]" Plaintiffs have been unable to locate Defendants' physical whereabouts and email addresses are the only valid contact information available. (Rainwater Decl. at ¶ 10.)

Plaintiffs contend Rule 4(f)(3) and the Hague Convention allow for service by email on defendants located in China. (Pls.' Mot. at 7-8.) China, like the United States, is a party to the Hague Convention.[2] The Hague Convention expressly "shall not apply where the address of the person to be served with the document is not known." Hague Convention, art. 1.[3] Plaintiffs here

---

[2] *See* Contracting Parties, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last viewed December 1, 2023).

[3] *Available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last viewed December 1, 2023)

ORDER - 3

1  have been unable to locate physical addresses for Defendants, and thus, could not utilize methods
2  authorized by the Hague Convention. (Rainwater Decl. at ¶ 10.)
3        Nevertheless, whether or not the Hague Convention applies, this Court and others have
4  concluded that email service on individuals located in China is not prohibited by it or any other
5  international agreement. *See Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, 2019 WL
6  6310564, at *3 (W.D. Wash. Nov. 25, 2019) (email service in China "not expressly prohibited by
7  international agreement"). The Court therefore concludes that service by email is not prohibited
8  by international agreement. Plaintiffs have shown that an order permitting service by email
9  would comport with Rule 4(f).
10       **B.**      **Due Process**
11       The Court next considers whether service of process using email addresses associated
12 with Xiao Liang's online bank account and the remaining Defendants' Amazon Selling Accounts
13 comports with constitutional due process—that is, whether the method of service is "reasonably
14 calculated, under all the circumstances, to apprise interested parties of the pendency of the action
15 and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.
16       Plaintiffs contend email service comports with due process because: (1) Defendants
17 registered the email addresses in order to conduct business through Amazon Selling Accounts or
18 to access online bank accounts; and (2) because test emails confirmed that the email addresses
19 remain functional. (Pls.' Mot. at 9.) Plaintiffs point to *Facebook, Inc. v. Banana Ads, LLC*, where
20 a court authorized service via email on foreign defendants who "rely on electronic
21 communications to operate their businesses" and for whom plaintiff had "valid email
22 addresses[.]" 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012). In that case, however, it
23 appears that the defendants' businesses were ongoing and used internet domain names that, when

ORDER - 4

registered, "required [defendants] to provide accurate contact information and to update that information." *Id.* at *1. Plaintiffs also point to other cases where, as in *Banana Ads*, the defendant's online business was ongoing, or where plaintiffs received responses from the email addresses. *See Rio*, 284 F.3d at 1012-13, 1018 (holding that authorizing service by email was within the district court's discretion where the defendant had "structured its business such that it could be contacted *only* via its email address" and "designated its email address as its preferred contact information."); *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, 2021 WL 165013, at *4-5 (S.D. Cal. Jan. 19, 2021) (authorizing service through the online contact forms of ongoing businesses or to email addresses from which plaintiffs had received responses).

The Court finds that service to Xiao Liang's email address used to access a current, open bank account is likely to provide notice. The situation is somewhat less clear, however, with regard to email addresses used to access Amazon Selling Accounts that have been closed. (*See* Am. Compl. at ¶ 46 ("Amazon blocked Defendants' Selling Accounts").) Plaintiffs do not specify when the accounts were closed and whether Defendants were notified.

Nevertheless, Plaintiffs provide evidence that the email addresses they propose effecting service through were actively used in operating the Amazon Selling Accounts. Individuals "registered these email addresses in order to create . . . and conduct business through their Selling Accounts." (Haskel Decl. at ¶ 5.) And Plaintiffs have verified that the email addresses remain active. (*See* Rainwater Decl. at ¶¶ 11-12.) This provides some evidence that Defendants are still using those addresses.

In a similar situation in *Bright Solutions for Dyslexia*, alternative service by email was used where plaintiffs were "unable to locate [d]efendants and believed they may have moved to China." *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *4 (N.D. Cal. Dec. 20,

ORDER - 5

2017), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018). After issuing takedown notices, the plaintiffs obtained email addresses associated with eBay online seller accounts that defendants had used to sell allegedly counterfeit products. *Id.* at *3. "No errors were received" when plaintiffs sent test emails to two of the addresses. *Id*. The court granted plaintiffs' motion for alternative service by email, and granted default judgment after defendants failed to respond even though "the emails had been successfully delivered with no errors." *Id.* at *4. The court concluded "email service was proper because [d]efendants structured their counterfeit business such that they could only be contacted by email" and, when served by email, "[t]hese emails did not bounce back." *Id.* at *7.

In contrast, in *Amazon.com Inc. v. KexleWaterFilters*, this Court denied alternative service by email because plaintiffs had not shown sufficient "indicia that the defendants would in fact receive notice of the lawsuit if the plaintiffs served them by email." 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023). The approach in *Bright Solutions for Dyslexia* was endorsed by this Court in that case, but in *KexleWaterFilters*, the plaintiffs had "not demonstrated that the email addresses associated with [d]efendants' Selling Accounts are still valid[.]" *Id*. Plaintiffs were permitted to "renew their motion with evidence of recent communications to [d]efendants that demonstrates that service by email is a reliable method to provide [d]efendants with notice of the pendency of this action." *Id*.

Here, as in *Bright Solutions for Dyslexia*, Plaintiffs have identified email addresses that these Defendants used in their online businesses, and verified that those email addresses remain functional. As in *Bright Solutions for Dyslexia*, Defendants structured their counterfeit business such that they can only be contacted by email. Together, these circumstances provide sufficient

indicia that Defendants are likely to receive notice if served through the email addresses registered to their Amazon Selling Accounts.

Moreover, Plaintiffs propose to "serve Defendants using an online service for service of process, RPost (www.rpost.com) that provides proof of authorship, content, delivery, and receipt[.]" (Rainwater Decl. at ¶ 12.) Service via RPost should, according to Plaintiffs' representations to the Court, provide evidence as to whether service by email was, in fact, received. This offers reassurance that if the email addresses are not being monitored and used, then service will not be erroneously deemed completed.

The Court concludes service via the email addresses is reasonably calculated to apprise Defendants of the pendency of this action and provide them an opportunity to respond. Accordingly, the Court finds due process concerns are satisfied.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion (dkt. # 30). Plaintiffs are authorized to serve the following Defendants at the following email addresses:

- Defendant Bibo Fang: wenliangzhuo56@163.com;
- Defendant Feng Xia Fang: deborahlistz@yahoo.com, tiffanykennethux@yahoo.com, biaotoufangqq97@163.com, feliciachonjdz@yahoo.com, helenryanwgg@yahoo.com, rosettaclarkxym@yahoo.com, yzso1cg03sm@hotmail.com, zhongyan227419@163.com, epiaozai858118@163.com, pcacew@163.com;
- Defendant Jun Wei Liang: pbmcnsiyrhl262na@163.com, ajyiloyx65cp@outlook.com, wkkaaqtaitv@outlook.com, aqwwcspohl@163.com, w7a6f9ae@163.com, rfjnbhorebes@outlook.com, bikou6352@163.com, vlutlpchp5cq@hotmail.com, bukesheng82581@163.com, ku63_wslktm@163.com,

ORDER - 7

wenjun655041@163.com, gi9avbeimyvlzr@126.com, wilkinsonnelson@yahoo.com, gradydby@yahoo.com, johnmatamoros340@yahoo.com, meijian289821@163.com, j0uhivhhx62w@21cn.com, wocaibei844@163.com, yinhuanyi60985@163.com, diaosexun313500@163.com, niumuwei19890516@163.com, wenliangzhuo56@163.com;

- Defendant Jun Yi Liang: mafan26@163.com, wangrou97483195@163.com, xl7yp66p@126.com, zhawan6867@163.com, hiu5xcne37@21cn.com, vrhvpdq@126.com, xiangning0477696@126.com, wulkyz0mfw@21cn.com, pa0182916@163.com, marcoskellergyj@yahoo.com, c5tjjndz@163.com, nongzanfnz9@163.com, cliftonsmith230@yahoo.com, daoshui2613ic@163.com, miu0780033@126.com, du971517069@163.com, bilang004185@163.com, carolynclancyk@aol.com, coreyking179@yahoo.com, tunjue6@163.com, adamvanmeter@yahoo.com, jimjacksondk@yahoo.com;

- Defendant Xiao Liang: 550881978@qq.com;

- Defendant Zhi Cheng Liang: wkkaaqtaitv@outlook.com, gugong8956@163.com, huijuke7535452@163.com, zdxpl5@163.com, shigeng229924@163.com, pa8527@163.com, 184457580.40@189.cn.

Plaintiffs are ORDERED to complete service and file proof of service by **December 15, 2023**.

Dated this 1st day of December, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8